IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ACOSTA,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.
_____/

No. CIV.S-05-0878 DAD

ORDER

      In this case review is sought of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff David Acosta continued benefits. On October 14, 2005, plaintiff David Acosta passed away. (See Application for Appointment of Guardian Ad Litem ("Application for Appointment") at 1). Counsel for plaintiff filed an Application for Appointment of Guardian Ad Litem on February 15, 2006, seeking to have Sheryl Whitley appointed to represent the interests of minors Warren Whitley, Jessica Whitley and Sylvia Acosta whom counsel represented in the application were the

1

sole heirs of David Acosta. On May 3, 2006, this court denied the application because there had been no substitution of parties necessitating the appointment of a guardian ad litem on behalf of the minor children. The court directed that a motion for substitution could be filed within 30 days of the date of that order.

Thereafter, on May 23, 2006, counsel for plaintiff did not make a motion for substitution but instead filed with the court a Stipulation and Order Substituting Party ("Stipulation"), agreed to by both parties. The court has construed this Stipulation and Order to be a motion to substitute Jessica Whitley, Sylvia Acosta, and David Whitley for plaintiff David Acosta pursuant to Federal Rule of Civil Procedure 25(a), as well as a renewed motion pursuant to Federal Rule of Civil Procedure 17(c) to appoint Sheryl Whitley, mother of the three minors, as their guardian ad litem.

The court will turn first to the request for substitution. Generally, certain procedural steps are to be followed in substituting a party due to a death pursuant to Federal Rule of Civil Procedure 25(a). First, any party must file a suggestion of the death of the party to be substituted. Barlow v. Ground, 39 F.3d 231, 232-33 (9th Cir. 1994). Second, the other parties in the litigation and nonparty successors or representatives of the deceased must be served with the suggestion of death. Id. Once such notice has been filed with the court and served on the other parties and nonparty successors or representatives of the deceased, the party seeking substitution must make the motion for substitution within 90 days from the suggestion. Id.

2

1       The court finds that the filings submitted by plaintiff,
2  considered in combination, meet the requirements for a substitution.
3  First, the Application for Appointment suggests the death of David
4  Acosta to the court.  Second, defendant consented to the substitution
5  and thus had notice thereof.  Finally, while the Stipulation was not
6  filed within 90 days, it was within the 30 days permitted by this
7  court's order of May 3, 2006.  Accordingly, the substitution will be
8  granted.  See McKenna v. Pacific Rail Service, 32 F.3d 820, 836-37
9  (3rd Cir. 1994) (departure from the specific requirements of Federal
10 Rule of Civil Procedure 25 allowed under some circumstances).

11      Next, because the three minors will be substituted for
12 David Acosta in this action, "the court shall appoint a guardian ad
13 litem for an infant or incompetent person not otherwise represented
14 in an action...."  Fed. R. Civ. P. 17(c).  See also L.R. 17-202(a).
15 Having considered the initial filing and the Stipulation of the
16 parties, the court concludes that Sheryl Whitley should be appointed
17 guardian ad litem for the new plaintiffs. Gonzales v. Reno, 212 F.3d
18 1338, 1351-53 (11th Cir. 2000)(typically the guardian ad litem or
19 next friend who represents a minor is the minor's parent); see also
20 Dean v. City and County of San Francisco, No. C-05-1876 EDL, 2006 WL
21 824336 (N.D. Cal. March 28, 2006)(appointment of guardians ad litem
22 who do not have interests adverse to the minors' interests and who
23 would protect the rights of the minors' should be granted).

24      Accordingly, IT IS HEREBY ORDERED that:
25      1.  The Stipulation and Order Substituting Party is
26 APPROVED;

2. David Acosta is no longer a party to this action by reason of his death;

3. Jessica Whitley, Sylvia Acosta, and David Whitley are substituted as a party in this action in place of David Acosta;

4. The recently filed Application for Appointment of Guardian Ad Litem is GRANTED;

5. Sheryl Whitley is appointed as Guardian Ad Litem for Jessica Whitley, Sylvia Acosta, and David Whitley.

DATED: June 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:im
ddad1/orders.socsec/acosta.substitution